UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE RUBIO GUTIERREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:19-cv-01590-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[1]<br><br>(Doc. Nos. 29, 32) |

　　　　Juan Jose Rubio Gutierrez ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income and disability insurance benefits under the Social Security Act. (Doc. No. 1).  The matter is currently before the undersigned on the parties' briefs, which were submitted without oral argument.  (Doc. Nos. 29, 32).  For the reasons set forth more fully below, the Court grants Plaintiff's motion for summary judgment, denies Defendant's motion for summary judgment, and remands the matter to the Commissioner of Social Security for further administrative proceedings.

////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 36).

# I. JURISDICTION

Plaintiff protectively filed for supplemental security income on February 28, 2015, and for disability insurance benefits on February 11, 2015, alleging a disability onset date of July 28, 2011 in both applications. (AR 401-15). In a "pre-hearing memorandum," Plaintiff amended the alleged onset date in both applications to July 2, 2012. (AR 530-34). Benefits were denied initially (AR 212-16) and upon reconsideration (AR 223-29). Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on September 19, 2018, and a subsequent hearing on April 23, 2019. (AR 45-118). Plaintiff testified at the hearings with a Spanish interpreter, and was represented by counsel. (*Id.*). The ALJ denied benefits (AR 19-44) and the Appeals Council denied review (AR 1-8). The matter is before the Court under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

# II. BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 44 years old at the time of the first hearing. (AR 49). He has education "up to the eighth grade." (AR 84). He has a work history as a construction worker and cement mason. (AR 55, 65, 98). Plaintiff testified that he stopped working when he injured his back at work while pouring concrete. (AR 50-51). He reported that he feels pain and numbness in his back, hips, and lower extremities. (AR 53). Plaintiff testified that he can sit for 15-20 minutes before he has to change positions or lay down because of numbness and pain, and he has trouble sleeping because of the pain. (AR 53-54, 59-60). He feels depressed and does not like to be around people because he cannot participate in activities. (AR 61-62).

# III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial

evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.  SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity,"

the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the

claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V. ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 2, 2012, the amended alleged onset date. (AR 28). At step two, the ALJ found that Plaintiff has the following severe impairments: a disorder of the spine; right sided disc herniation; left lower radiculopathy; obesity; hypertension; diabetes; and depression. (AR 28). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 28). The ALJ then found that Plaintiff has the RFC to

> perform a range of work at the sedentary exertion level as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, he is able to lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently, but he is unable to push and pull with the bilateral lower extremities, so consequently, he is unable to use foot pedals. He is able to sit without restriction and he can stand and walk two hours total in an eight-hour workday with no prolonged walking of greater than 15 minutes at one time. The claimant is able to occasionally balance, bend, and climb ramps or stairs, but he cannot kneel, crawl, or climb ladders, ropes, or scaffolds. He is unable to engage in repetitive bending or twisting of the spine and he needs to be able to rest every two hours for 10 to 15 minutes, but this will fall within the normal breaks and lunch periods and he will be able to stretch during

> these periods as well. The claimant is unable to work around hazards, such as working at unprotected heights, operating fast or dangerous machinery or driving commercial vehicles. In addition, he is limited to performing simple routine tasks in a static work environment, meaning an environment that stays the same in regards to the physical environment as well as the day-to-day tasks and the jobs could be learned by demonstration in 30 days..

(AR 30). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 35). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: nut sorter, table worker, and lens inserter. (AR 36-37). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from July 2, 2012, through the date of the decision. (AR 37).

## VI.    ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act and disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom claims;
2. Whether the ALJ properly considered the medical opinion evidence; and
3. Whether the ALJ erred at step five.

(Doc. No. 29 at 11-18).

## VII.    DISCUSSION

**A. Plaintiff's Symptom Claims**

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572

F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for several reasons explained in [the] decision." (AR 34-35). First, the ALJ references Plaintiff's report that he could not work because of a broken wrist, and generally notes that Plaintiff "alleges suffering from significant impairments, which prevent him from working." (AR 35). The ALJ then found these unenumerated "allegations" inconsistent with a single finding of normal range of motion in his wrist with full motor strength; a single examination showing no cyanosis, clubbing, or edema with full motor strength in the bilateral extremities; and several mental status examinations showing he was alert and oriented times three with no evidence of delusions or a formal thought disorder, intact cognitive function, and intact judgment and impulse control. (AR 35, 1047-48 (also noting extremely high depression score upon testing), 1080-81 (also noting extremely high depression score and higher-than-average anxiety score), 1160-62, 1199, 1254 (noting "slight-moderate difficulty attending and concentrating").

Plaintiff argues this was not a clear and convincing reason to reject Plaintiff's symptom claims because "[t]he ALJ cited the objective medical evidence, generally, as contradicting [Plaintiff's] alleged limitations, but identified no particular findings inconsistent with any of the specific functional deficits [Plaintiff] described." (Doc. No. 29 at 16). The Court agrees. Defendant is correct that Ninth Circuit does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." (Doc. No. 32 at 21 (citing *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020)). However, in considering Plaintiff's symptom claims, the ALJ must specifically identify the statements he or she finds not to be credible, and the evidence that allegedly undermines those statements. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by the evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (noting the ALJ did not specifically identify any inconsistencies between the claimant's testimony and the record; rather, "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination.").

Defendant argues that the ALJ properly "compared Plaintiff's allegations to the objective medical evidence" and provides a lengthy recitation of the objective medical evidence summarized by the ALJ in the decision.[2]  (Doc. No. 32 at 22-23). The medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v.*

---

[2] Defendant also argues that the ALJ "compared Plaintiff's allegations to other evidence, including the type and effectiveness of the treatment Plaintiff received." (Doc. No. 32 at 24). In support of this argument, Defendant cites Plaintiff's treatment with acupuncture, pain medication, physical therapy, and a TENS unit. (*See id.*). Evidence of "conservative treatment" is sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (treating ailments with an over-the-counter pain medication is evidence of conservative treatment sufficient to discount a claimant's testimony regarding the severity of an impairment). However, the Court is not permitted to consider this reasoning because the ALJ did not make any finding that Plaintiff's symptom claims were inconsistent with conservative treatment. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

*Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 416.929(c)(2).  However, there is no indication that the ALJ considered Plaintiff's testimony as to his limitations aside from a general cite to "hearing testimony," nor did the ALJ specifically identify which of Plaintiff's "allegations" she found inconsistent with the "medical evidence" aside from wrist pain. (*See* AR 35).  Perhaps most notably, as observed by Plaintiff, the ALJ failed to consider his testimony that he could only sit comfortably for 15-20 minutes, he needs to change positions often to alleviate the pain, and he lays down for most of the day. (Doc. No. 29 at 16; 53-54, 59-60). Based on the foregoing, the ALJ's general finding that Plaintiff's symptom claims were not entirely consistent with the medical record, without identification or explanation as to how the medical evidence undermined his testimony, was not a clear and convincing reason, supported by substantial evidence, to reject his symptom claims.

Finally, regardless of whether the ALJ failed to properly support a finding that Plaintiff's symptom claims were not corroborated by the "medical and other evidence," it is well-settled in the Ninth Circuit that an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  Here, the only additional reason given by the ALJ for rejecting Plaintiff's symptom claims was that "an alleged inability to work is inconsistent with his admitted ability to take care of personal hygiene independently and manage tasks related to traveling and keeping appointments independently." (AR 35). The ALJ may consider a claimant's activities that undermine reported symptoms.  *Rollins*, 261 F.3d at 857.  If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012)(internal

citations omitted), *superseded on other grounds by* 20 C.F.R. § 416.920(a).

However, the Court's review of single mental health examination cited by the ALJ in support of this reason indicates that at the same examination Plaintiff reported "difficulties with tasks related to socialization, communication, attention, and concentration due to his anxiety symptoms." (AR 1091). Moreover, as above, the ALJ did not identify the specific testimony that she found not to be credible, nor did she offer explanations for why the minimal evidence of Plaintiff's ability to maintain personal hygiene, manage tasks related to traveling, and keep appointments independently undermines Plaintiff's mental health claims, and continuous reports of back pain, numbness, and inability to sit for prolonged periods. *Holohan*, 246 F.3d at 1208 (when considering plaintiff's symptom claims, the ALJ must specifically identify the statements he finds not to be credible, and the evidence that allegedly undermines those statements); *Brown-Hunter*, 806 F.3d at 494. For all of these reasons, the ALJ's conclusory finding that Plaintiff's activities were inconsistent with "an alleged inability to work" was not a clear and convincing reason, supported by substantial evidence, to discount his symptom claims.

The Court concludes that the ALJ did not provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims. On remand, the ALJ must reconsider Plaintiff's symptom claims.

**B. Additional Assignments of Error**

Plaintiff additionally challenges the ALJ's findings at step five, and the ALJ's rejection of Dr. Kenneth Wallis' opinions. (Doc. No. 29 at 11-15, 17-18). Because the ALJ's assessment at step five, and the consideration of the medical opinion evidence, are at least partially dependent on a proper evaluation of Plaintiff's symptom claims, the Court declines to address these challenges in detail here. On remand, the ALJ is instructed to reconsider Plaintiff's symptom claims and conduct a new sequential analysis, including a reassessment of the medical opinion evidence and the step five findings if necessary.

**C. Remedy**

Plaintiff argues the record is fully developed and asks the Court to remand for an immediate award of benefits. (Doc. No. 29 at 18-19). The decision whether to remand for further

proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

      The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate Plaintiff's symptom claims, as well as all relevant medical opinion evidence. The ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

      Accordingly, it is **ORDERED**:

      1. Plaintiff's Motion for Summary Judgment (Doc. No. 29) is GRANTED.

11

2. Defendant's Cross-Motion for Summary Judgment (Doc. No. 32) is DENIED.

3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion within thirty (30) days.

5. The Clerk shall enter judgment in favor of the Plaintiff, terminate any pending motions/deadlines, and close this case.

Dated:  May 8, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE